# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-03537 PA (JPRx) | Date | April 28, 2021 |
| Title | Ashraf Koy-Ghadoush v. Dan Marius Andreiu | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Dan Marius Andreiu ("Defendant") on April 26, 2021. (Dkt. No. 1 ("Removal").) Plaintiff Ashraf Koy-Ghadoush ("Plaintiff") filed his complaint in Los Angeles County Superior Court alleging a single state-law claim for unlawful detainer on February 10, 2020. (Dkt. No. 1, Ex. A.) Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains a single cause of action for unlawful detainer, which does not arise under federal law. Defendant asserts this Court has jurisdiction over this action because the unlawful detainer action violates the CARES Act and the Due Process Clause of the United States Constitution. Although the CARES Act and the Due Process Clause may be a basis for federal question jurisdiction, the face of Plaintiff's Complaint does not allege facts establishing that either the CARES Act or the Due Process Clause form the basis of Plaintiff's cause of action. See Menhardt v. Tracy, 20-

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-03537 PA (JPRx) | Date | April 28, 2021 |
|---|---|---|---|
| Title | Ashraf Koy-Ghadoush v. Dan Marius Andreiu | | |

cv-08670, 2020 WL 8513068, at *2 (N.D. Cal. Dec. 24, 2020) (remanding where "the face of [the plaintiff's] complaint does not allege facts establishing that the CARES Act is the basis for her cause of action"). It is Defendant's burden to show that Plaintiff's Complaint is "based upon [a] federal statute," not that a federal statute or alleged constitutional violation is "merely an anticipated defense." Id.; see also Vaden v. Discover Bank, 556 U.S. 49, 59-62 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908))). Defendant has therefore failed to invoke this Court's federal question jurisdiction.

      For the foregoing reasons, Defendant has failed to meet his burden to demonstrate that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 20STUD01418. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.